

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RONALD L. WELLS, SR.,
         Plaintiff,

vs.                       04-1266

WARDEN STEVEN MOTE
and MARK SPENCER,
         Defendants.

### ORDER

Before the court are the defendants' summary judgment motion, d/e 9, the plaintiff's response thereto, d/e 13, and the defendants' reply, d/e 17.

### Plaintiff's Allegations

The plaintiff has filed a complaint alleging he has been denied access to the courts because inmates without funds will not be provided copies of case law.

### Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Herman v. National Broadcasting Co., Inc.,* 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied,* 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505,

2510 (1986).

## Undisputed Facts

1. The plaintiff, Ronald Wells is incarcerated at the Pontiac Correctional Center in Pontiac, Illinois. *See* complaint, d/e 5, p. 1, ¶ 1.
2. Defendant Mote was the warden of Pontiac Correctional Center. *Id*., p. 1, ¶ 2.
3. Defendant Spencer is the library supervisor of Pontiac Correctional Center law library. *Id*., p. 1, ¶ 3.
4. The plaintiff filed a grievance on June 28, 2004, regarding copy costs for case law. *See* complaint.
5. The plaintiff never appealed this issue to the Administrative Review Board. *See* Affidavit of Gary Drawve, d/e10, Exhibit A; *see also* plaintiff's exhibits, d/e 13.

## Arguments

The defendants argue the plaintiff has failed to exhaust administrative remedies in this matter as required by the Prison Litigation Reform Act. The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez v. Wisconsin Dept of Corrections*, 182 F.3d 532, 535-38 (7th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, but as with any affirmative defense, dismissal on the pleadings for failure to exhaust is appropriate if it is "apparent from the complaint itself" and "unmistakable" that exhaustion did not occur. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)("when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit); Massey *v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). There is no futility, sham. or substantial compliance exception to this requirement, and a plaintiff seeking only monetary damages for ongoing conditions must still utilize the grievance procedure in place before filing suit. *Booth v. Churner*, 121 S.Ct. 1819 (2001)(PLRA requires administrative exhaustion even where grievance process does not permit award of money damages, if "some action" in response to a grievance can be taken); *Massey v.* Helman, 259 F.3d 641 (7th Cir. 2001)(inmate alleging failure to repair hernia timely must exhaust administrative remedies, even though surgery performed and only money damages sought). Exhaustion means properly and timely taking each step in the administrative process established by state procedures. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002)(failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars section 1983 suit). Failure to follow the procedures through to their conclusion, including timely appealing a grievance denial, bars a suit under 42 U.S.C. § 1983. A dismissal for failure to exhaust is without prejudice, so reinstatement is not barred unless the time for exhaustion has expired. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

**It is therefore orderd:**

1. Pursuant to Fed. R. Civ. P. Rule 56(c), the defendants' summary judgment motion, d/e 9, is granted. The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff, forthwith.
2. Any remaining issues are rendered moot, with parties to bear their own costs.
3. If the plaintiff wishes to appeal this judgment, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $255.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

**Enter this 28th day of September 2005.**

/s/ Harold A. Baker
_____
**HAROLD A. BAKER**
**UNITED STATES DISTRICT JUDGE**